(No. 3083— )

Joseph Martingiglio, Claimant, vs. State of Illinois, Respondent.

*Opinion filed November 10, 1942.*

L. C. Miller, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Fisher, J.

Complaint which was filed on April 9, 1937, alleges that claimant was regularly employed by the State of Illinois on the 28th day of August 1936, at Camp Grant, in the county of Winnebago; that his duties in such employment were the moving and replacing of National Guard equipment in the warehouses in Camp Grant; that on said date he cut the fingers of his right hand on a crate he was handling, and thereafter blood poisoning set in, disabling him from any employment until the 19th day of December, 1936.

Claimant further alleges that he is entitled to compensation for fifteen (15) weeks at Eleven Dollars ($11.00) per week for temporary total incapacity; that he has permanently lost the use of the second, third and fourth fingers of his right hand and is entitled to compensation therefor for a period of eighty (80) weeks at Eleven Dollars ($11.00) per week, or Eight Hundred Eighty Dollars ($880.00).

Claimant also alleges that there is an unpaid bill for Forty-six Dollars ($46.00) covering medical attention; also one for Thirty-six and 85/100 Dollars ($36.85) for hospitalization.

The record in this case consists of the complaint and transcript of the evidence.

As it appears from the evidence that respondent received notice of the injury within thirty (30) days from the day of its occurrence and demand was made for compensation within

six (6) months from the date thereof, and claim was filed in this court on April 9, 1937, which is less than one (1) year after the date of the accident, this court has jurisdiction of the matter.

Inasmuch as claimant was not an officer or an enlisted man of the National Guard he would not be covered by the Military Code, but, being a civilian employee, any benefits to which he would be entitled would be under the Workmen's Compensation Act. From the evidence it appears that claimant's employment was of such a nature that he is entitled to the benefits of the Act.

The evidence also shows that the medical and hospital bills were not paid, and this court is of the opinion that these expenses should be paid by respondent.

Claimant suffered total temporary disability from September 1, 1936 to December 15, 1936, a period of fifteen (15) weeks, and, under Subsection (b), Section (8) of the Workmen's Compensation Act he would be entitled to receive fifty (50) per cent of his average weekly wage which would be computed under Subsection (e), paragraph (10). Claimant worked eight (8) hours a day and received Fifty Cents (50c) an hour, which would make his average weekly wage Fifteen and 38/100 Dollars ($15.38). He would be entitled to fifty (50) per cent of this amount, or Seven and 69/100 Dollars ($7.69) for fifteen (15) weeks, or One Hundred Fifteen and 35/100 Dollars ($115.35) for total temporary disability. From the evidence, it also appears that claimant has lost ten (10) per cent permanent use of his second finger, also ten (10) percent loss of the use of his third finger. Under Subsection (e), Section (8), paragraphs (3) and (17), he would be entitled to Twenty-six and 92/100 Dollars ($26.92) for ten (10) per cent permanent partial disability to his second finger and, under paragraphs (4) and (17) of the same subsection, he would be entitled to Nineteen and 23/100 Dollars ($19.23) for ten (10) per cent permanent partial disability to this third finger.

Dr. J. Harry Bendes is entitled to the sum of Forty-six Dollars ($46.00) for professional services rendered to claimant, and St. Anthony's Hospital of Rockford to the sum of Thirty-six and 85/100 Dollars ($36.85) for hospital services rendered to claimant, and claimant is entitled to recover the

sum of One Hundred Sixty-one and 50/100 Dollars ($161.50), computed as follows:

(a) For temporary total disability from September 1, 1936 to December 15, 1936—15 weeks @ $7.69............................ $115.35
(b) For 10% permanent partial loss of use of second finger....... 26.92
(c) For 10% permanent partial loss of use of third finger........ 19.23

$161.50

Award is, therefore, entered in favor of claimant for the said sum of $161.50; in favor of Dr. J. Harry Bendes for the sum of $46.00, and in favor of St. Anthony's Hospital of Rockford for the sum of $36.85; all of which has accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.